UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY F. JARRETT-JACKSON,

    Plaintiff,

v.                                                              Case No. 12-12142

                                                               Hon. John Corbett O'Meara

AMERICAN HOME MORTGAGE
SERVICING, INC., and REAL TIME
SOLUTIONS, INC.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

      Before the court is Defendant American Home Mortgage Servicing, Inc.'s motion to dismiss, filed August 9, 2012. Plaintiff filed a response on September 7, 2012; Defendant submitted a reply brief on September 20, 2012. Pursuant to L.R. 7.1, the court did not hear oral argument.

## BACKGROUND FACTS

      On September 18, 2003, Plaintiff and her husband obtained a refinance loan from Argent Mortgage Company in the amount of $178,600. In order to secure the note, Plaintiff and her husband granted a mortgage to Argent. The loan is currently serviced by Defendant Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.

      Plaintiff defaulted on the loan in 2010. In October 2011, Homeward sent Plaintiff a proposed loan modification agreement. Plaintiff alleges that she signed the agreement and returned it in a timely fashion to Homeward. On November 8, 2011, Homeward sent a letter to Plaintiff, informing her that it had not received the executed modification agreement and that "it

must be returned to us no later than 11/18/11. Should we fail to receive the fully executed Modification Agreement on or before this date, the Modification Agreement will be considered null and void." Compl. at Ex. 4.

Plaintiff contends that she contacted Homeward and stated that she had returned the modification agreement. On November 28, 2011, Homeward sent Plaintiff a letter stating that it was unable to offer her a loan modification because she had not returned the agreement. Homeward contends that it never signed the agreement. Nonetheless, Plaintiff attempted to make a payment under the agreement, which was returned by Homeward. Homeward has not commenced foreclosure proceedings.

Plaintiff filed her complaint in state court on March 28, 2012, alleging (1) breach of contract; (2) wrongful foreclosure; (3) failure to negotiate a loan modification prior to foreclosure pursuant to M.C.L. § 600.3204; (4) Plaintiff is eligible for a loan modification pursuant to M.C.L. § 600.3205c(1); and (5) injunctive relief. Defendants removed the case to this court on May 11, 2012. Defendant Real Time Solutions, Inc., was dismissed by stipulation on August 30, 2012. Homeward seeks dismissal of Plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(6).

## LAW AND ANALYSIS

Plaintiff acknowledges that her wrongful foreclosure and statutory claims related to loan modification are premature because no foreclosure proceedings have been commenced. Accordingly, the court will dismiss Counts II through V of the complaint. The only remaining disputed claim is Count I, breach of contract.

Plaintiff contends that Homewood breached the loan modification agreement between the

parties. Homewood argues that no agreement was reached because it did not receive Plaintiff's executed copy in a timely fashion. In Michigan, the statute of frauds requires that certain agreements with financial institutions be in writing and signed with an authorized signature. M.C.L. § 566.132(2). The statute provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial institution.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Id.

The loan modification agreement falls within the statute of frauds and cannot be enforced unless it is in writing and signed by Defendant. Because Plaintiff cannot produce a copy of the agreement signed by Defendant, the agreement is unenforceable under M.C.L. § 566.132(2). As a result, the court must dismiss Plaintiff's breach of contract claim.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED. Judgment will be entered in favor of Defendant.

s/John Corbett O'Meara
United States District Judge

Date: December 5, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, December 5, 2012, using the ECF system.

<u>s/William Barkholz</u>
Case Manager